UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANGELENE PEACK,

    Plaintiff,

v.                              Case No.:   8:15-cv-2859-T-33JSS

POLK COUNTY SHERIFF'S OFFICE

    Defendant.
                                         /

**ORDER**

This cause comes before the Court on Defendant Polk County Sheriff's Office's Motion for an Award of Attorneys' Fees and Costs against Plaintiff Evangelene Peack (Doc. # 59), filed on February 14, 2017. Peack failed to file a response to the Motion. For the reasons that follow, the Motion is granted in part and denied in part.

**I.  Background**

This Title VII action arose from Peack's termination from the Polk County Sheriff's Office on July 19, 2013. (Marcum Decl. Doc. # 49-3 at ¶ 18; Fulse Decl. Doc. #49-2 at ¶ 5). Peack, proceeding pro se, filed her first Complaint on December 12, 2015 (Doc. # 1), and Amended Complaint on February 1, 2016 (Doc. #17). Subsequently, Peack filed her Second Amended Complaint on May 12, 2016 (Doc. # 36), to which the Sheriff's Office filed its Answer on May 26, 2016 (Doc.

#37).

The Sheriff's Office timely filed its Motion for Summary Judgment on November 15, 2016. (Doc. # 48). Peack responded on January 12, 2017. (Doc. # 53). The Sheriff's Office did not file a reply. On February 2, 2017, this Court granted the Motion for Summary Judgment. (Doc. # 56). The Clerk subsequently entered judgment in favor of the Sheriff's Office on February 3, 2017. (Doc. # 57).

On February 14, 2017, the Sheriff's Office filed its Motion seeking an award of attorney's fees and costs. (Doc. # 59). At this juncture, the time for filing a response to the pending Motion has expired and Peack has failed to respond. The Court now turns to the Sheriff's Office's Motion.

## II. Legal Standard

### A. 42 U.S.C. § 2000e-5(k)

District courts are afforded discretion in awarding reasonable attorney's fees to the prevailing party in actions brought under Title VII of the Civil Rights Act. Sayers v. Stewart Sleep Ctr., Inc., 140 F.3d 1351, 1353 (11th Cir. 1998). When determining whether attorney's fees should be awarded, the Court reviews the evidence in the light most favorable to the non-prevailing party. Johnson v. Florida, 348 F.3d 1334, 1354 (11th Cir. 2003). The equitable considerations

involved depend, however, upon whether the prevailing party is the defendant or the plaintiff. Sayers, 140 F.3d at 1353. Policy concerns militate against awarding attorney's fees to defendants in civil rights cases because such practice may discourage plaintiffs from bringing civil rights lawsuits. Id.

In Christiansburg Garment Company v. EEOC, 434 U.S. 412 (1978), the Supreme Court announced the relevant criteria governing an award of attorney's fees to a prevailing Title VII defendant. The Supreme Court held that awarding attorney's fees in such cases is appropriate "upon a [district court's] finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421. The Court added that, in applying these criteria, it is important the district court resist the temptation to engage in "post hoc reasoning" by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. Sayers, 140 F.3d at 1353 (citing Christiansburg, 434 U.S. at 421-422).

The Eleventh Circuit instructs that frivolity determinations be "made on a case-by-case basis, taking into account various factors, including (1) whether the plaintiff established a prima facie case, (2) whether the defendant

3

offered to settle[,] and (3) whether the suit was dismissed before trial." Vavrus v. Russo, 243 Fed. Appx. 561, 563 (11th Cir. 2007). The Eleventh Circuit also provided a fourth factor: a "'claim is not frivolous when it is "meritorious enough to receive careful attention and review."'" Barnes v. Zaccari, 592 Fed. Appx. 859, 872 (11th Cir. 2015)(quoting Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991)). Ultimately, these factors are "general guidelines only, not hard and fast rules." Barnes, 592 Fed. Appx. at 872.

### B. 28 U.S.C. § 1920

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Tr. Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Rule 54 establishes a strong presumption that costs should be awarded unless the district court decides otherwise)(citing Chapman v. Al Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the

4

district court must articulate a sound reason for not awarding full costs. <u>Chapman</u>, 229 F.3d at 1039 (internal citations omitted).

Pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920; see <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of

5

submitting a request that enables the court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994).

## III. **Analysis**

### A. **Attorney's Fees**

In applying the first three frivolity factors, this Court determines: (1) Peack failed to establish a prima facie case, (2) the Sheriff's Office did not offer to settle, and (3) Peack's action was dismissed before trial. While the first and third factors weigh in favor of granting attorney's fees, the Court finds that the second factor — the Sheriff's Office's refusal to settle — "is of questionable value in determining whether [Peack's] claims are frivolous." Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir. 2000). As the Fifth Circuit has explained,

> Whether a municipality offers to settle simply seems less indicative of the weakness of a plaintiff's case than whether a private employer offers to settle. A private employer who is insured and who sees few of these cases may settle to make the problem go away. A municipality may choose not to address the problem in as businesslike a fashion and may be more worried that settlement will simply generate more lawsuits.

Id. at 292 n.3. In Myers, the Fifth Circuit acknowledged that the defendant city "may have [had] a policy of rarely settling

claims in order to discourage lawsuits" and that allowing such a policy "to further enable the city to obtain attorney's fees from losing plaintiffs" was counterintuitive. Id. at 292. Therefore, the Court is not persuaded by the Sheriff's Office's refusal to make a settlement offer, as that decision may have been motivated by practical factors wholly unrelated to the merit of Peack's claim.

Next, in applying the fourth frivolity factor, this Court considers whether Peack's claim was "meritorious enough to receive careful attention and review." Busby, 931 F.2d at 787. Peack's claim required the Court's "careful attention and review" for multiple reasons. First, there were conflicts between Peack's deposition testimony and her supervisor's sworn declaration: Peack asserted that Lt. Palmer approved her vacation request, while Lt. Palmer denied approving her request (Doc. # 56 at 5), and Peack interpreted Lt. Palmer's instruction to obtain an updated doctor's note as an optional course of action, while Lt. Palmer deemed his instruction mandatory (Doc. #58 at 8, 9). Additionally, a reemployment assistance appeals referee found Peack's testimony to be "more credible" than that provided by her supervisors (Doc # 58 at 12, 13). While the Court ultimately determined that the conflicts between sworn statements did not create a genuine

7

issue of material fact, it was necessary for this Court to give serious consideration to these disputed issues. Thus, the fourth frivolity factor has been satisfied, which weighs against a grant of attorney's fees.

Reviewing the evidence in the light most favorable to Peack, the Court does not find Peack's claim to be frivolous. Thus, the Court does not award the Sheriff's Office attorney's fees.

### B. Costs

Defendant seeks to recover $65 paid in fees for service of a summons and subpoena. (Doc. # 58 at 3). The Court will allow $65 to be recovered for the service of summons and subpoena. See Berlinger v. Wells Fargo, No. 2:11-CV-459-FtM-29CM, 2016 WL 4920079, at *3 (M.D. Fla. Sept. 15, 2016)("[T]he Court will limit the cost for service of each subpoena to $65."). Defendant also seeks to recover $1,611.35 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. (Doc. # 58 at 5). These costs are enumerated under 28 U.S.C. § 1920. See also Lozman v. City of Riviera Beach, No. 15-14981, 2017 WL 781591, at *1 (11th Cir. Feb. 28, 2017)(awarding transcript fees to prevailing party against pro se plaintiff, "because fees for transcripts are taxable if they were 'necessarily obtained for use in the

case'" (quoting 28 U.S.C. § 1920(2))). Furthermore, by failing to file a response, Peack does not contest Defendant's entitlement to these costs. Thus, the Court awards the Sheriff's Office $1,676.35 for service and transcript fees.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Polk County Sheriff's Office's Motion for an Award of Attorney's Fees and Costs against Plaintiff Evangelene Peack (Doc. # 59) is **GRANTED IN PART AND DENIED IN PART.** The Sheriff's Office is awarded $1,676.35 in costs.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE